USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
ERNEST LEE DAVIS,

               Plaintiff,    :  05 Civ. 9304 (THK)

                                    :  **MEMORANDUM OPINION**
     -against-                    :  **AND ORDER**

UNITED STATES OF AMERICA

               Defendant.
------------------------------------------X

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

This is an action brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 (1994). Plaintiff Ernest Lee Davis, a fifty-seven-year-old construction worker, seeks damages for injuries incurred in an auto-accident with a car driven by Troy M. Capser ("Capser"), an employee of the United States Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement, the United States Customs Service (collectively, "Defendant").

The parties have consented to trial before this Court, pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. Presently before the Court is Defendant's motion to dismiss, pursuant to Rule 12 of the Federal Rules of Civil Procedure, and, in the alternative, for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing that Plaintiff has failed to state a claim for which relief can be granted, and that Plaintiff's claim fails as a matter of law. For

the reasons that follow, the Court grants Defendant's motion to dismiss.

**BACKGROUND**

The facts taken in a light most favorable to Plaintiff are as follows. Plaintiff was injured when his car was struck by a van driven by Capser, on June 23, 2004. (See Deposition of Ernest Lee Davis ("Davis Dep."), at 110). Plaintiff, approximately two weeks thereafter, contacted DHS, who subsequently mailed Plaintiff Standard Form 95 ("SF 95"), to allow for the filing of an administrative claim. Additionally, in a letter dated July 9, 2004 ("July 9 letter"), DHS requested that Plaintiff provide DHS with

> (1) A written report by [an] attending physician . . . setting forth the nature and extent of the injury, nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity . . . [;]
>
> (2) Itemized bills for medical . . . and hospital expenses incurred, or itemized receipts of payments for such expenses[;]
>
> (3) If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment[; and]
>
> (4) If a claim is made for loss of time from employment, a written statement from [the] employer showing actual time lost from employment, whether he is a full or part-time employee, and wages or salary actually lost.

(Exhibit ("Ex.") A to Declaration of Scott Whitted ("Whitted Decl."), at 2-3.)

2

Plaintiff returned the SF 95 on August 26, 2004, requesting $510,000 in damages, but failed to submit the additional documentation requested. (See Whitted Decl. ¶¶ 4, 9.) Plaintiff claimed to have "sustained injuries to his head, neck, back, shoulder" and to have "sustained loss of earnings as a result of disability caused by this accident." (Id.) On April 11, 2005, DHS sent Plaintiff a second letter, again requesting the information specified above. (See id. ¶ 13.)

Plaintiff had also been in a second auto-accident, one week prior to the accident at issue. As a result, DHS requested that Plaintiff supply documentation differentiating the "injuries, medical care, and damages from the two accidents." (Id.) In response, Plaintiff provided DHS with certain hospital records, as well as an Authorization to Disclose Health Information ("Authorization"). (Id.) DHS obtained the records made available by the Authorization, but was unable to determine the extent of Plaintiff's economic loss – a determination necessary for a full investigation of the claim. DHS required, inter alia, itemized medical bills, a statement of expected future medical expenses, and a statement from Plaintiff's employer showing time lost from employment, so as to determine whether Plaintiff "had met the 'basic economic loss' threshold of the New York State no-fault law" or "whether [Plaintiff] ha[d] suffered a 'serious injury' under that law." (Id. ¶¶ 4-22.) DHS sent a second letter specifically

3

requesting this additional information. (See id. ¶¶ 2,3.) Plaintiff again failed to submit the information, and, thereafter, DHS denied the claim. Subsequently, Plaintiff filed this action.

Defendant argues that Plaintiff has failed to exhaust his administrative remedies and, therefore, this Court lacks subject matter jurisdiction. Plaintiff responds that he has satisfied the presentment requirements of the Federal Tort Claims Act ("FTCA"), under 28 U.S.C. § 2675(a)("Section 2675(a)"), and that, therefore, this Court has subject matter jurisdiction to hear his claim.

## DISCUSSION

### A. Motion to Dismiss

In considering a motion to dismiss, the Court's task is "'necessarily a limited one.'" George Haug Co., Inc. v. Rolls Royce Motor Cars Inc., 148 F.3d 136, 139 (2d Cir. 1998)(quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974)). Dismissal of a complaint for failure to state a claim is warranted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); see also ICOM Holding, Inc. v. MCI Worldcom, Inc., 238 F.3d 219, 221 (2d Cir. 2001). The task of a court ruling on a 12(b)(6) motion "'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Sims v. Artuz, 230 F.3d 14, 20 (2d

4

Cir. 2000)(quoting Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984)(internal quotation marks omitted)); see also Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (the issue is not whether plaintiff will prevail, but whether he is entitled to offer evidence to support his claims).

In deciding a 12(b)(6) motion, the Court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003)(quoting Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001)); see also Scheuer, 416 U.S. at 236, 94 S. Ct. at 1686.

B. Federal Tort Claims Act

The United States is entitled to sovereign immunity from suit, unless it waives that immunity. The FTCA provides for such a waiver under certain circumstances. Specifically, the FTCA calls for the United States to waive its defense of sovereign immunity and accept liability for the negligent conduct of government employees who are acting within the scope of their official duties. Because Plaintiff was injured by a government employee acting within the scope of his duties, the FTCA controls. The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of

5

> the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C § 2675(a).

The FTCA thus requires that an administrative claim be filed and decided before an action can be filed in federal court. See Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983), cert. denied, 464 U.S. 864, 104 S. Ct. 195 (1983). This requirement "is jurisdictional and cannot be waived". Id.; see also McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993)("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994)(subject matter jurisdiction lacking where plaintiff "failed to first present his claim to the appropriate agency").

To satisfy the "presentment" requirement, an administrative claim "filed pursuant to the FTCA must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth." Romulus v. United States, 160 F.3d 131, 132 (2d Cir. 1998)(per curiam)(quoting Keene Corp., 700 F.2d at 842). The claim must also "be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims". Id. (quoting Johnson v. United States, 788 F.2d 845, 848-49 (2d Cir. 1986)), overruled on other grounds by

Sheridan v. United States, 487 U.S. 392, 108 S. Ct. 2449(1988).

Defendant moves for dismissal for lack of subject matter jurisdiction on the ground that plaintiff has failed to exhaust his administrative remedies, as required by Section 2675(a). Defendant relies heavily on Romulus v. United States, 983 F. Supp. 336 (E.D.N.Y. 1997). This case involved a similar fact pattern, where the plaintiff's car was hit by a United States Postal Service truck. The plaintiff submitted an SF 95 stating his injuries and seeking damages. However, the plaintiff failed to reply to several requests for additional information seeking "substantial evidence to prove the extent of any losses incurred and any injury sustained" so as to allow for a full investigation of the claim. 983 F. Supp. at 337. The district court held that a claim is properly presented pursuant to Section 2675(a) when the claimant files (1) a written notice of claim that sufficiently describes the injury so that the agency can "investigate and ascertain the strength of a claim", and (2) a "sum certain damages claim". Id. The court found that the plaintiff's SF 95 did not contain sufficient information, and that his failure to respond to the additional information requests resulted in a failure to satisfy Section 2675(a). The court thus dismissed the case for lack of subject matter jurisdiction, and the Second Circuit affirmed. See Romulus, 160 F.3d 121.

Plaintiff argues that the present case is distinguishable

7

because Plaintiff provided an authorization for the release of medical records, thereby allowing Defendant to conduct an investigation of the claim. The issue here is whether Plaintiff's medical release satisfies the "presentment" requirements under Section 2675(a). It does not.

One purpose of the FTCA is to "require complete exhaustion of Executive remedies before invocation of the judicial process" because "[e]very premature filing of an action under the FTCA imposes some burden on the judicial system." McNeil, 508 U.S. at 112. "Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims." Id. In administrative claims for personal injury, a claimant may be required to present supplemental information including, but not limited to, "a written report by his attending physician" and "a written statement from his employer showing actual time lost from employment." 28 C.F.R. § 14.4(b). Thus, Defendant's requests for supplemental information, including itemized bills, detailed doctor's reports, and employer statements, were justified and likely necessary for proper investigation of the claim. Plaintiff's authorization for the release of medical records was insufficient to compensate for the failure to provide such information. See Sorge v. United States, No. 95 Civ. 5325 (RO), 1997 WL 603451, at *1-2 (S.D.N.Y. Sept. 30, 1997) (presentment requirement of FTCA not satisfied where plaintiff merely executed

8

a medical records authorization form, but failed to provide "a written report from plaintiff's doctor, a statement of expenses for any future treatment, itemized bills or receipts for medical expenses, and records from any hospitalization"); see also Furman v. United States Postal Serv., 349 F. Supp. 2d 553, 555-56 (E.D.N.Y. 2004) (claim inadequately presented where plaintiff failed to provide requested "medical reports, itemized medical bills, and wage loss statements"). Because Plaintiff failed to exhaust his administrative remedies through proper "presentment" of his claim to DHS, this Court does not have subject matter jurisdiction to hear the claim.

Plaintiff argues, in the alternative, that jurisdiction is proper because Defendant did not request the supplemental information until more than six months after Plaintiff first submitted his SF 95. Plaintiff reasons that, because a claim is automatically deemed denied if not responded to within six months after being submitted, Plaintiff was entitled to bring suit in federal court before any request for additional information was made. Thus, Plaintiff argues he was not required to satisfy DHS's requests.

Defendant offers two persuasive responses to this admittedly creative reasoning. First, there was at least one request made before the six-month time limit, specifically the July 9 letter, as well as instructions on the SF 95 form itself. Thus, requests for

9

run, Plaintiff can no longer exhaust his administrative remedies. See Johnson v Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999). Thus, the Complaint is dismissed with prejudice and this action shall be closed.

So ordered.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated:   February 4, 2008
         New York, New York